UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | AD24-00240-DMG | Date | August 7, 2024 |
| Title | *In Re John Charles Eastman* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Respondent
None Present

**Proceedings:   IN CHAMBERS—ORDER *SUA SPONTE* STAYING THE CASE PENDING RESOLUTION OF THE CALIFORNIA DISCIPLINARY MATTER**

On March 27, 2024, the Hearing Department of the State Bar Court of California issued an order recommending Respondent John Charles Eastman be disbarred from the practice of law in California. [State Bar Court ("SBC")-23-O-30029-YDR, Mar. 27, 2024 Order, 127.] The Hearing Department's order also transferred Eastman to involuntary inactive status, effective March 30, 2024. *Id.* at 128. As a result, on April 24, 2024, the Court issued an Order to Show Cause directing Eastman to show cause why he should not be disbarred from the practice of law before this Court. [Doc. # 1.] The order erroneously stated Eastman had been disbarred from the practice of law by the Supreme Court of California. *See id.* at 1.

On May 22, 2024, Eastman filed a timely response. [Doc. # 2.][1] Eastman asserts the Order to Show Cause should be rescinded because it is premature as he has not been suspended or disbarred by the Supreme Court of California. *Id.* at 2–7.[2] Alternatively, Eastman contends that if the Court deems his involuntary inactive enrollment as a suspension, he contests the imposition of reciprocal discipline and seeks leave to file a more comprehensive response. *Id.* at 7–8. Eastman is appealing the Hearing Department's order to the Review Department of the State Bar Court of California and asks the deadline for his further response to the Order to Show Cause coincide with the deadline for his opening brief to the Review Department. *Id.* His opening brief is currently due on September 13, 2024. [SBC-23-O-30029-YDR, July 18, 2024 Order.]

Eastman is enrolled as counsel of record for plaintiffs in one pending case in this Court—EDCV23-01368-HDV (SHKx), *Matt Gaetz, et al. v. City of Riverside, et al.* But Eastman's name is not on plaintiffs' recent filings and Eastman did not appear at the most recent scheduling

---

[1] Due to a clerical error, an order disbarring Eastman from the Bar of this Court was issued on June 11, 2024, but the order has since been stricken. [Doc. ## 3, 4.]

[2] Citations to the record are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | AD24-00240-DMG | Date | August 7, 2024 |
|---|---|---|---|
| Title | *In Re John Charles Eastman* | Page | 2 of 2 |

conference on June 18, 2024.  [*See* EDCV23-01368-HDV (SHKx), Doc. ## 110–11, 119–20.]  Thus, although Eastman has not moved to withdraw as counsel of record, he appears to no longer actively represent plaintiffs.  Eastman is not currently listed as counsel of record in any other pending cases in the Court.

      Since Eastman is not currently practicing before this Court, proceeding with this reciprocal discipline case at this time is not necessary to protect the public.  Further, given Eastman is in the process of appealing the Hearing Department's order, proceeding with this reciprocal discipline case at this time would require the duplication of efforts and would not promote judicial economy.  Therefore, the Court *sua sponte* **STAYS** this case pending resolution of the California disciplinary matter—SBC-23-O-30029-YDR, *In the Matter of John Charles Eastman*.  Should Eastman resume practicing before this Court prior to the resolution of the disciplinary matter, the appropriateness of the stay will be reevaluated.

      Eastman must submit a status report and copy of the final decision in his California disciplinary matter within 30 days of the decision.

**IT IS SO ORDERED**.