John C. Eastman
(Cal. Bar No.: 193726, disbarred 4/15/2026)
jeastman@ccg1776.com
444 W Ocean Blvd. Ste 1403
Long Beach, CA 90802
Telephone: (562) 435-9062
Facsimile: (714) 844-4817

*Respondent, in pro se*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Disciplinary Matter of | Case No.: 2:24-ad-00240-DMG |
| John Charles Eastman | **RESPONDENT'S NOTICE OF DISCIPLINE** |
| California State Bar # 193726 | |

On March 27, 2027, the Hearing Department of the California Bar Court issued an order recommending disbarment of the undersigned attorney ("Respondent"). That recommendation resulted in an automatic transfer of Respondent to involuntary inactive status in California. Cal. Bus. & Prof. Code § 6007(c)(4). This Court issued an Order to Show Cause on April 24, 2024, but then, after receipt of the Respondent's response, issued an order on August 7, 2024, *sue sponte* staying the proceedings pending resolution of the California disciplinary matter. In its stay order, the Court

NOTICE OF DISCIPLINE – 1

directed that "Eastman must submit a status report and copy of the final decision in his California disciplinary matter within 30 days of the decision."

On April 15, 2026, the California Supreme Court Chief denied Respondent's petition for review and entered an order of disbarment. *In re John Charles Eastman on Discipline,* No. S292011 (Cal. S. Ct. April 15, 2026). Per this Court's stay order of August 7, 2024, Respondent hereby provides notice and a copy of that decision, attached as Exhibit A.

The order of disbarment from the California Supreme Court will trigger an "Order to Show Cause why an order of suspension or disbarment should not be imposed by this Court." L. R. 83-3.2.1. Respondent respectfully requests that the stay entered by this Court on August 7, 2024, not be lifted at this time for two reasons. First, Respondent will be filing a petition for writ of certiorari with the Supreme Court of the United States challenging the California Supreme Court's disbarment decision on the ground, *inter alia*, that the order of disbarment significantly deviates from controlling Supreme Court First Amendment precedent. Second, continuing the stay and not issuing an Order to Show Cause until resolution of that petition for writ of certiorari would obviate the need for this Court to undertake at this time (or ever, if the Supreme Court petition and merits decision is successful) the independent assessment of the voluminous California Bar Court record required by the Supreme Court's decision in *Selling v. Radford*, 243 U.S. 46 (1917), and reiterated several times since. *See, e.g., Theard v. United States*, 354 U.S. 278, 281-282 (1957); *In re Ruffalo*, 390

U.S. 544, 547 (1968).  In *Selling*, the Supreme Court held that when determining whether to revoke admission to its bar, the federal courts are required to conduct an independent, de novo assessment of the record ("an intrinsic consideration of the state record," *Selling*, 243 U.S at 51) to determine whether the state procedure was wanting in due process, or there was such an infirmity of proof as to give rise to a clear conviction that the state determination should not be accepted, or there was "some other grave reason" to not give the state judgment effect. Respondent intends to present evidence sufficient to support this Court's rejection of the California decision on all three grounds, but neither that, nor this Court's "intrinsic consideration," will be required if the Supreme Court grants Respondent's petition and overturns the disbarment decision.

Respondent is not currently serving as counsel in any matter pending before this Court and does not anticipate any additional client representation in this Court prior to resolution of his forthcoming petition for writ of certiorari with the Supreme Court of the United States.

Wherefore, Respondent respectfully requests that the stay issued by this Court on August 7, 2024, remain in effect until final resolution of his forthcoming petition for writ of certiorari with the Supreme Court of the United States and any subsequent merits ruling by that Court.

DATED:  May 11, 2026                              /s/ John C. Eastman
                                                 John C. Eastman
                                                 *Respondent, in pro se*

NOTICE OF DISCIPLINE – 3

# EXHIBIT A

SUPREME COURT
**FILED**

APR 1 5 2026

Jorge Navarrete Clerk

_____

Deputy

State Bar Court - No. SBC-23-O-30029

## S292011

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re JOHN CHARLES EASTMAN on Discipline.

The petitions for review are denied.

The court orders that John Charles Eastman (Respondent), State Bar Number 193726, is disbarred from the practice of law in California and that Respondent's name is stricken from the roll of attorneys.

Respondent must comply with California Rules of Court, rule 9.20, and perform the acts specified in (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the date this order is filed. (*Athearn v. State Bar* (1982) 32 Cal.3d 38, 45 [the operative date for identification of clients being represented in pending matters and others to be notified is the filing date of this order].) Failure to do so may result in denial of any future application for reinstatement. (Cal. Rules of Court, rule 9. 20(d).)

Respondent must pay monetary sanctions to the State Bar of California Client Security Fund in the amount of $5,000 in accordance with Business and Professions Code section 6086.13 and rule 5.137 of the Rules of Procedure of the State Bar. Monetary sanctions are enforceable as a money judgment and may be collected by the State Bar through any means permitted by law.

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment, and may be collected by the State Bar through any means permitted by law.

Any monetary requirements imposed in this matter shall be considered satisfied or waived when authorized by applicable law or orders of any court.

_____

GUERRERO

*Chief Justice*